IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 73-cr-00171-JLK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

SCOTT HELMA,

    Defendant.

ORDER

This matter is before the Court pursuant to a letter from Defendant Scott Helma filed on March 3, 2008, in which Mr. Helma asks the Court to set aside his conviction in this criminal case. For the reasons stated below, Mr. Helma's request to set aside his conviction will be granted.

According to the judgment entered on August 29, 1973, Mr. Helma pled guilty to one count of distribution of cocaine and he was sentenced to "treatment and supervision for an indeterminate period of time in lieu of a definite term of imprisonment pursuant to the Federal Youth Corrections Act, Title 18, U.S.C., Section 5010(b), until discharged by the Federal Youth Corrections Division of the United States Board of Parole, as provided in Section 5017(c) of Title 18, U.S. Code." Mr. Helma alleges that he served his sentence, that he was released early, and that his conviction should be set aside in accordance with the Federal Youth Corrections Act (YCA), 18 U.S.C. §§ 5005 - 5026 (repealed 1984).

The relevant portions of the YCA provide as follows:

> 18 U.S.C. § 5010.  Sentence
>
> (b) If the court shall find that a convicted person is a youth offender, and the offense is punishable by imprisonment under applicable provisions of law other than this subsection, the court may, in lieu of the penalty of imprisonment otherwise provided by law, sentence the youth offender to the custody of the Attorney General for treatment and supervision pursuant to this chapter until discharged by the Commission as provided in section 5017(c) of this chapter;
>
> 18 U.S.C. § 5017.  Release of youth offenders
>
> (c)  A youth offender committed under section 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction.
>
> 18 U.S.C. § 5021.  Certificate setting aside conviction
>
> (a)  Upon the unconditional discharge by the Commission of a committed youth offender before the expiration of the maximum sentence imposed upon him, the conviction shall be automatically set aside and the Commission shall issue to the youth offender a certificate to that effect.

As noted above, Mr. Helma was sentenced pursuant to § 5010(b) and he alleges that he was released early, which the Court construes to mean that he was discharged unconditionally.  In any event, "[t]he only resolution of a section 5010(b) sentence provided by the [YCA] is unconditional discharge pursuant to section 5017(c).  Under that section, unconditional discharge may come early to deserving young offenders, but in any case is mandatory after six years." **United States v. Arrington**, 618 F.2d 1119, 1123 (5th Cir. 1980).  Therefore, Mr. Helma's conviction must be set aside in accordance with § 5021(a).  The fact that the criminal file does not contain proof of a certificate

2

issued pursuant to § 5021(a) does not preclude relief because issuing the certificate "is a ministerial act which merely certifies what has already been accomplished." *Id.* at 1124.  Accordingly, it is

ORDERED that the judgment of conviction entered against Defendant Scott Helma in this criminal case is set aside nunc pro tunc to March 10, 1978, in accordance with 18 U.S.C. § 5021(a).

DATED at Denver, Colorado, this 1st day of June , 2009.

BY THE COURT:

*S/John L. Kane*
JOHN L. KANE, Senior Judge
United States District Court